IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 03-cr-00415-REB-KLM-02
Civil Action No. 08-cv-01655-REB-KLM

UNITED STATES OF AMERICA,

    Plaintiff(s),

v.

2.  CARL WILLIAM PURSLEY, JR.,

    Defendant(s).

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's (1) **Motion for Leave to Supplement Motion to Vacate with Claims Seven and Eight** [Docket No. 853; Filed February 9, 2009]; (2) **Motion for Leave to Supplement Motion to Vacate with Claim Nine** [Docket No. 858; Filed February 27, 2009]; and **Motion for Production of Evidence** [Docket No. 860; Filed February 27, 2009] (the "Motions"). Defendant is proceeding *pro se*; hence, his pleadings must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The District Judge assigned to the matter referred Defendant's underlying Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Motion to Vacate") to this Court for resolution [Docket Nos. 831 & 833]. Since that time, Defendant has filed more than nine motions seeking various forms of relief related to his Motion to Vacate. The present Motions represent the final three Motions which remain pending.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L. Civ. R. 72.1C, the Motions

have been referred to this Court for recommendation. Plaintiff filed a single Response on April 10, 2009 [Docket No. 879]. The Court did not permit Defendant to file a reply. Therefore, the Motions have been fully briefed and are ripe for resolution. The Court has considered the relevant pleadings, the applicable record, the case law, and is sufficiently advised in the premises. For reasons set forth below, the Court recommends that the Motions be **DENIED**.

## I. Analysis

Defendant seeks to add three additional claims relating to the alleged ineffective assistance of his trial counsel to his pending Motion to Vacate. *Motions* [## 853 & 858]. Plaintiff was directed to respond to the Motions, and it did so on April 10, 2009 [Docket No. 879]. Plaintiff argues that the Motions should be denied because amendment is untimely and would be futile. *Response* [#879] at 2-4.

As a preliminary matter, Fed. R. Civ. P. 15 applies to Defendant's request to amend his Motion to Vacate. *United States v. Espinoza-Saenz*, 235 F.3d 501, 502-04 (10th Cir. 2000); *Gillette v. Tansy*, 17 F.3d 308, 312 (10th Cir. 1994). While amendment should be liberally permitted pursuant to Rule 15, amendment should be denied when the movant has unduly delayed or amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

A threshold requirement of any habeas claim is that it must be timely filed. Plaintiff argues that Defendant's new claims are barred by the one-year statute of limitations applicable to habeas motions. 28 U.S.C. §§ 2244(d)(1), 2255(f). Defendant's conviction and sentence were final no later than October 1, 2007 [Docket No. 822]. *Response* [#879]

at 2. As such, all claims were required to be asserted at least no later than October 1, 2008.[1] Defendant did not move to amend his Motion to Vacate until February 2009, well after the one-year statute of limitations had expired. Amendment to add untimely claims is only appropriate if the amendment relates back to the initial habeas motion. Fed. R. Civ. P. 15(c)(2); *see Espinoza-Saenz*, 235 F.3d at 503-05 (holding that motion to vacate pursuant to § 2255 could not be amended with untimely ineffective assistance of counsel claims unless those amendments merely clarify and relate back a timely-filed claim); *see also Davenport v. United States*, 217 F.3d 1341, 1346 (11th Cir. 2000) (denying amendment of untimely ineffective assistance of counsel claims based on different conduct than at issue in timely-filed ineffective assistance of counsel claims).

"Relation back" in a habeas context is construed "less broadly" than in other civil contexts. *Mayle v. Felix*, 545 U.S. 644, 657, 662 (2005) ("If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, the . . . limitation period would have slim significance."); *Espinoza-Saenz*, 235 F.3d at 504-05 ("[T]o allow amendment under [a] broad[er] umbrella would be tantamount to judicial rescission of [the] statute of limitations period."). Specifically, it is not enough that the proposed claims arise from the "same trial, conviction, or sentence" to constitute relation back. *Mayle*, 545 U.S. at 660-64. Rather, the proposed claims must arise from the common core of operative facts as those that form the basis for the timely-filed claims. *Id.* at 662. Because Defendant's proposed new claims involve

---

[1] To the extent that Defendant's Motions can be interpreted to argue that he did not become aware of the facts supporting his proposed claims earlier, he has failed to articulate why these alleged facts could not have been timely discovered through the exercise of due diligence.

distinct areas of alleged ineffective assistance not at issue in Defendant's pending Motion to Vacate, the proposed claims do not relate back for purposes of amendment. *See id.* at 657 (noting that an amendment does not relate back "when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." (quoting *United States v. Hicks*, 283 F.3d 380, 388 (D.D.C. 2002))). Because I find that Defendant is barred from pursuing the untimely proposed claims, I need not address whether such claims would be futile on their merits.

## II. Recommendation

I find that Defendant's proposed claims are barred by the one-year statute of limitations applicable to Defendant's Motion to Vacate. Accordingly, I RECOMMEND that Motion Nos. 853 & 858 be **DENIED**. To the extent that Motion No. 860 requests discovery related to one of his proposed claims, because I recommend that Defendant not be permitted to assert such claim, I necessarily RECOMMEND that Motion No. 860 be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this

Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 21, 2009

          BY THE COURT:
          s/ Kristen L. Mix
          U.S. Magistrate Judge
          Kristen L. Mix